# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| GRADY RENARD WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV416-334 |
| HOMER BRYSON, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Grady Williams filed his habeas petition without either a filing fee or a properly completed motion to proceed *in forma pauperis* (IFP). Doc. 1. On December 15, 2016, the Clerk of Court notified Williams of that deficiency and provided him with a blank IFP form. Doc. 2. Williams subsequently filed a "notice" of an "ecclesiastical deed poll . . . for discharge in accordance with the law" "*per curiam divina*," but he has not paid his filing fee or filed a completed IFP form. *See* doc. 3. Finding his notice "plainly frivolous," *see* doc. 4, the Court ordered Williams to show cause why his case should not be dismissed for inactivity. He responded with a letter[1] notifying the Court of the United

---

[1] Parties should submit to this Court formal complaints, petitions, briefs and motions, not letters. Letters also can get lost, while formal filings are filed in the

States' "bankruptcy," which has apparently "estopped" him from "accessing 'constitutional money of exchange' to pay 'fines,' 'fees,' 'taxes,' debts,' 'judgements,' or otherwise 'at law'" on his own behalf. Doc. 5 at 1. This letter, too, is plainly frivolous.

This case should be dismissed without prejudice on inactivity and, thus, abandonment grounds. *See* Fed. R. Civ. P. 41(b); S.D. Ga. L.R. 41.1(c).; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).

**SO REPORTED AND RECOMMENDED**, this __17th__ day of January, 2017.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

record of each case. This creates a public record of a matter presented for the Court's consideration. *See In Re: Unsolicited Letters to Federal Judges*, 126 F. Supp. 2d 1073 (S.D. Ga. 2000). Motions also get placed on the Court's "pending motions" list, while letters do not (hence, they might be ignored). For that matter, the federal rules specifically require that requests for a court order be made "by motion." Fed. R. Civ. P. 7(b)(1).